

In The

# Court of Appeals
## Seventh District of Texas at Amarillo

_____

No. 07-11-00468-CR
_____

**MICHAEL ANTHONY GRADO, APPELLANT**

**V.**

**THE STATE OF TEXAS, APPELLEE**

On Appeal from the 222nd District Court
Oldham County, Texas
Trial Court No. OCR-00J-034; Honorable Roland Saul, Presiding

August 1, 2013

## ORDER DENYING STATE PROSECUTING ATTORNEY'S MOTION TO SUBSTITUTE COUNSEL AND MOTION FOR PUBLICATION

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

The State Prosecuting Attorney's Office has filed with this Court a *Motion to Substitute Counsel,* wherein it prays that this Court "substitute" the State Prosecuting Attorney, Lisa C. McMinn, for the Oldham County Special Prosecuting Attorney, Jim English, together with a *Motion for Publication*, wherein it requests that this Court designate for publication the unpublished memorandum opinion heretofore issued in

this cause.  *See Grado v. State*, No. 07-11-00468-CR, 2013 Tex. App. LEXIS _____, (Tex.App.—Amarillo June 28, 2013, no pet. h.).

The State Prosecuting Attorney's authority to represent the State before a court of appeals is limited to assisting the duly elected district or county attorney.  *See* Tex. Gov't Code Ann. § 42.005(a) (West 2004).  Accordingly, the motion to "substitute" is denied.

Although this Court will not "substitute" counsel, it does recognize the motion as a notice of appearance of other counsel pursuant to Rule 6.2 of the Texas Rules of Appellate Procedure.  Accordingly, the *State Prosecuting Attorney's Motion for Publication* was presented to this Court as a motion filed on behalf of the State. Remaining convinced that the memorandum opinion heretofore issued, bearing the notation "do not publish" as per Rule 47.2 of the Texas Rules of Appellate Procedure, does not establish a new rule of law, alter or modify an existing rule, or apply an existing rule to a novel fact situation likely to recur in future cases, we overrule that motion.[1]

Patrick A. Pirtle
Justice

Do not publish.

---

[1]It should not go unmentioned that this Court made a conscious decision to forego publication of the original memorandum opinion due to the particular facts of the case and the unlikelihood that the novel fact situation would recur.

2